### REDDIN v. DAM et al.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

BROKERS—RIGHT TO COMMISSION—SUFFICIENCY OF EVIDENCE—QUESTION FOR JURY.

Plaintiff claimed a commission for negotiating a lease for defendants, and testified that they promised to pay such commission if he brought C. to them and C. accepted given terms; that he took C. to defendants, and the lease was consummated on such terms. Defendants testified that plaintiff personally had nothing to do with the negotiations, and denied any agreement to pay a commission. C. testified that plaintiff made no arrangement with him to meet defendants as to the lease, and that plaintiff's only effort was to secure a purchaser of other interests held by the lessees. There was evidence that defendants understood that plaintiff was entitled to a commission for services, and paid him $100 on account, and one defendant signed an agreement under which he was to receive the balance of his commission. *Held*, that such evidence presented a question for the jury, and was sufficient to support a verdict for plaintiff.

Appeal from trial term, New York county.

Action by Frederick W. Reddin against Andrew J. Dam and another. From a judgment in favor of plaintiff, and an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

William D. Murray, for appellants.
Henry Wilson Bridges, for respondent.

INGRAHAM, J. The action was brought to recover for services rendered by the plaintiff, a real-estate broker, in making an arrangement whereby the defendants executed a lease to one Adelia E. E. Chatfield of certain premises in the city of New York. The situation at the time of the alleged employment seems to have been that the defendants were the owners of certain premises, known as the "Hotel Jefferson," located in the city of New York, of which one Adelia E. E. Chatfield was a tenant; that Chatfield was indebted to the trustees of the said premises in the sum of upward of $5,000 for arrears of rent, and that proceedings had been taken by the trustees to evict her from the premises; that the plaintiff, a real-

estate broker, had been endeavoring to procure a purchaser of the lease of the hotel, but had been unsuccessful; that at the request of Chatfield the plaintiff called upon the defendants to ascertain if some settlement could not be arrived at; that at that time Chatfield owed something like $5,240, and the defendants then offered to accept $5,000 in cash in full settlement of these arrears, and offered to make a new lease to Chatfield, stating to the plaintiff the terms upon which the new lease would be made. This lease was to be for $12,500 a year for five years, and $13,000 for the following five years. The plaintiff testified that it was then agreed that the defendants would pay the plaintiff a commission of 1 per cent. of the gross rental in case the plaintiff was successful in negotiating such an arrangement with the Chatfields; that "the executors said, if I should arrange to bring Mr. Chatfield down there, and he accepted those terms which he gave me, they would pay me my commission, which I have stated"; that he brought the Chatfields there, and the lease was consummated upon the basis stated by the defendants. The defendants offered testimony tending to show that the plaintiff had personally nothing to do with the negotiation that led up to the new lease; that they made no arrangement to pay the plaintiff any commission if he should bring the Chatfields to the defendants' office. And Chatfield testified that the plaintiff made no arrangement with him to meet the defendants in reference to this property; that the plaintiff made no arrangement to secure the back rent, but that he (Chatfield) was during all this time himself in constant negotiation with the defendants, and that it was in consequence of his negotiation that the matter was finally settled; that plaintiff's entire relation to the transaction was his endeavoring to procure a purchaser of the lease, and of his mother's interest in the furniture and the lease of the Hotel Jefferson; and that there was no dealing with the plaintiff in regard to the renewal of the lease.

The court submitted the question to the jury, with a charge to which the defendants took no exception; the court stating the question to be submitted to the jury as follows:

"The plaintiff claims that the agreement was that if he would induce John Chatfield to go to the office of Murray, and if then the arrangement which I have referred to was made, he was to get a commission. In other words, according to the plaintiff's version, all he had to do was to induce John Chatfield to go to the office of Murray. That is all. And, if that was followed by an arrangement,—the arrangement I have referred to,—he would be entitled to it. * * * If, however, you believe the plaintiff's version of it (that all he was to do was to induce John Chatfield to go to the office of Mr. Murray), and if you believe that, and that thereafter an arrangement was made such as I have told you the plaintiff claims his agreement covered, he would be entitled to recover."

Counsel for the defendant then asked the court to charge that "even if they shall believe that Mr. Dam, one of the defendants, agreed to pay a commission to the plaintiff if he should induce Mr. Chatfield to meet him and Mr. Murray, that, nevertheless, if the jury shall be convinced that Mr. Reddin did not induce Mr. Chatfield to attend that meeting, the plaintiff cannot recover," to which the court answered:

"Of course, that is so. Unless the plaintiff performed his part of the agreement, he cannot recover. He claims that he was employed under this agreement: That, if he would induce John Chatfield to go to the office of Mr. Murray, he should be compensated. If he has not proved to you that he did induce John Chatfield to go to the office of Mr. Murray, he cannot recover. He must prove to your satisfaction, by a fair preponderance of evidence, that he did induce John Chatfield to go to the office of Mr. Murray. If he should not prove that, but if John Chatfield went there of his own accord, or through any other way, of course the plaintiff would not be entitled to recover. He can only recover if he induced John Chatfield to go there, and not otherwise, because that is what he claims. He claims that he did induce John Chatfield to go there, and that the arrangements were thereafter made."

It would seem that, upon this charge, the jury having found a verdict for the plaintiff, they must have found in accordance with the plaintiff's version of the contract, and that he, as a fact, did make the arrangements under which John Chatfield attended at the defendants' office, and that at the interview the arrangement was made upon the basis offered by the defendants, and was consummated. The question as to the agreement that was made was one for the jury, as was also the question whether or not the plaintiff performed the agreement on his part. The plaintiff swears that he did perform such agreement. Chatfield swears that he did not, but there was not such a clear preponderance of evidence as would justify the court in setting aside the verdict of the jury as against the weight of evidence. That the defendants understood at the time the negotiation was closed that the plaintiff was entitled to a commission for his services in the negotiation leading up to the final arrangement that was made would seem to be established by the fact that they paid him $100 on account, and that one of the defendants signed an agreement under which he was to receive the balance of his commission; and this tended to sustain the plaintiff's version of the transaction.

Our attention is not called to any ruling upon questions of evidence by which the defendants were prejudiced, and the court seems to have charged all of the defendants' requests. Nothing appears, therefore, to justify us in interfering with this verdict.

The judgment and order should be affirmed, with costs. All concur.